IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 97-30048 |
| ) | |
| SAM DENT, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Motion of Defendant Sam Dent for Reduced Sentence under Section 404(b) of the First Step Act and for early termination of Supervised Release.

In March 1998, following his plea of guilty to knowingly and intentionally possessing a mixture or substance containing crack cocaine with the intent to distribute, the Defendant was sentenced to a term of 240 months' imprisonment and a 10-year term of supervised release. At the time, because of a prior drug conviction for the Defendant, those were the statutory minimum terms of imprisonment and supervised release. The Defendant was released from custody on March 13, 2015. His term of supervised release began on March 14, 2015.

The Defendant is eligible for a reduced sentence under Section 404 of the First Step Act. The original sentence on Count I was for a "covered offense" because the Defendant committed the offense before August 3, 2010 and the statutory penalty for possession of crack cocaine with the intent to distribute under 21 U.S.C. § 841(b)(1)(A) was modified by Section 2 of the Fair Sentencing Act. The Defendant alleges the Court has the authority to impose a reduced sentence as if Section 2 of the Fair Sentencing Act was in effect at the time the offense was committed. The Defendant asks the Court to reduce his sentence from 240 months to 120 months' imprisonment and terminate his supervised release.

The Government acknowledges that under *United States v. Shaw*, 957 F.3d 734 (7th Cir. 2020), the statute of conviction alone determines whether a defendant is eligible for a reduced sentence under the First Step Act. *See id*. at 735. Because he was sentenced under Sections 841(a)(1) and (b)(1)(A), he is eligible for relief under the First Step Act. In considering a motion to reduce under the First Step Act, a court considers whether it may reduce the sentence and whether it should reduce the sentence. *See id*. at 736.

The Government states that it does not object to a reduction of the Defendant's supervised release term from 10 years to 8 years. The Government objects to the early termination of supervised release on the basis that Defendant is currently

unemployed after being fired from his job and thus may benefit from the services of the Probation Office.

The basis of the Defendant's request is that, under the laws now in effect, his Illinois conviction for possession of cocaine can no longer be used to enhance his sentence under Section 841(b)(1)(B) or (b)(1)(A) and he has thus already overserved his statutory mandatory term of supervised release. The Defendant notes that the Seventh Circuit recently held that because Illinois defines cocaine more broadly than the Controlled Substances Act, a conviction pursuant to 720 ILCS 570/206(b)(4) (Illinois Cocaine statute) "is not a predicate 'felony drug offense' that triggers 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement." *United States v. Ruth*, 966 F.3d 642, 650 (7th Cir. 2020).

Under the law today, the Defendant would not be subject to an enhanced sentence. Without a § 851 notice, the Defendant's mandatory minimum term of supervised release is 4 years, not 8. *See* 21 U.S.C. § 841(b)(1)(B).

As noted, the Government states that the Defendant's supervised release term should be reduced from 10 years to 8 years—which would be the new statutory minimum in the event that Defendant had a prior serious drug felony (which he no longer does under applicable law). The Court may take into account the fact that Defendant's prior conviction no longer qualifies as a prior drug felony. *See United*

*States v. Hudson*, 967 F.3d 605, 613 (7th Cir. 2020) ("[T]he First Step Act does not prevent a court from considering updated statutory benchmarks, current Guidelines and post-sentencing conduct when determining whether a reduced sentence is merited.")

If the Fair Sentencing Act of 2010 had been in effect at the time the Defendant was sentenced, he would have been incarcerated for at least 7 fewer years than he was. Although the Defendant did not benefit from that change in law because of timing, the Court finds that Defendant should receive the benefit of the updated laws and current Guidelines. If he were sentenced today, under the current Guidelines, the Defendant's supervised release term would likely be 4 years under § 841(b)(1)(B) or, at most, 5 years under § 841(b)(1)(A). The Defendant has already served 5 and ½ years of supervised release.

Because the Defendant has overserved what his supervised release term would be today and is not alleged to have committed any violations, the Court will terminate his supervised release term.

Ergo, the Defendant's Motion for Reduced Sentence under Section 404(b) of the First Step Act and Motion for Early Termination of Supervised Release [d/e 31] is GRANTED in part.

Defendant Sam Dent's term of supervised release is terminated.

The Clerk will terminate the Defendant's pro se motion [d/e 29].

The Clerk will send a copy of this Order to the United States Probation Office.

ENTER: September 9, 2020			FOR THE COURT:

/s/ <i>Richard Mills</i><br>
Richard Mills<br>
United States District Judge